Filed 11/12/21  P. v. King CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076986 |
| v. | (Super.Ct.No. FWV011147) |
| JESSE STEPHEN KING, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Shahla Sabet, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Dismissed.

Jesse Stephen King, in pro. per.; and Michelle M. Peterson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

In 1997, a jury convicted defendant and appellant Jesse Stephen King of one count of first degree murder (Pen. Code,[1] § 187, subd. (a)) and found true the allegation that he personally used a firearm in the commission of the offense (former § 12022.5, subd. (a)). A trial court sentenced him to a total term of 35 years to life in state prison.

Approximately 22 years later, defendant filed a petition for resentencing under section 1170.95, which the court denied. Defendant did not appeal that denial and the order of the court became final. Over one year later, defendant filed a motion to reconsider the petition. The court denied the petition again.

Defendant filed a notice of appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436. We dismiss.

## FACTUAL BACKGROUND[2]

At trial, the prosecutor argued that the evidence showed defendant went to the victim's residence to purchase drugs and see his friend. After letting the defendant come inside, the victim then told defendant to leave. Defendant left but turned around and went back to the victim's residence. He knocked on the door. The victim looked through the peephole, talked to defendant through the door, and said he could not come back in. Defendant then pulled out a gun and fired it straight through the door, killing the victim.

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

[2] From the trial, the appellate record only contains the reporter's transcript of the attorneys' closing arguments.

The defense argued that the door was open, and the victim stuck his gun out at defendant. Defendant pulled out his gun and shot the victim in self-defense.

## PROCEDURAL BACKGROUND

Defendant was charged by amended information with first degree murder (§ 187, count 1), and it was alleged that he personally used a firearm in the commission of the offense (former § 12022.5, subd. (a)).

On July 18, 1997, the jury found defendant guilty of count 1 and found the firearm enhancement true. On September 18, 1997, the court sentenced him to 25 years to life on the murder conviction, plus 10 years on the firearm enhancement.

On June 5, 2019, defendant filed a petition for resentencing, in propria persona, pursuant to section 1170.95. Using a form petition, he alleged that he was convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of first or second degree murder because of the amendments to sections 188 and 189 since he was not a major participant in the felony or did not act with reckless disregard to human life during the course of the crime or felony. He also requested appointment of counsel. Defendant attached multiple exhibits, which appeared to be excerpts from other briefs containing numerous legal citations and asserting a myriad of claims. He appeared to be claiming, among other things, that (1) a diminished capacity defense should have been raised at trial; (2) there was prosecutorial misconduct, in that the prosecution withheld exculpatory evidence; (3) the photographs of the victim submitted at trial were unduly gruesome; and (4) the jury was erroneously instructed on second degree felony murder.

3

On June 11, 2019, after reviewing defendant's petition, the court denied it, stating that defendant was not convicted under the felony murder rule, and he personally used a firearm.

On October 6, 2020, defendant filed a motion to reconsider the petition, in propria persona. He argued that a diminished capacity defense should have been made by his trial counsel and/or appellate counsel and that the jury would have only convicted him of involuntary manslaughter. He refiled his section 1170.95 petition and attached portions of different typewritten documents, asserting innumerable claims, including that: (1) the evidence was insufficient to support a conviction for first degree murder; (2) shooting at an inhabited dwelling (§ 246) is murder of the second degree, and he was never charged with such; (3) the 10 years imposed on the firearm enhancement should be dropped; and (4) he was denied due process. He also stated that he should have counsel appointed. One of the exhibits defendant attached to the motion reflected that he filed a petition for writ of habeas corpus with the Supreme Court, which was denied on March 11, 2020. Another exhibit reflected that he filed a habeas corpus writ with this court, which we denied on April 2, 2020.

On April 16, 2021, the court held a hearing on the motion to reconsider defendant's resentencing petition. Defendant was represented by counsel,[3] who reminded the court that it had previously denied the petition, finding defendant ineligible for relief since he was not convicted under the felony murder rule and personally used a

_____

[3] The court noted that counsel was appointed to represent defendant on December 28, 2020.

firearm. The court confirmed such and then stated for the record that defendant "is a habitual Petitioner of habitual non-meritorious petitions. And this is going on over twenty years or so, I think." The court then stated that it read defendant's petition repeatedly and summarized his claims as stating that if his trial attorney had mentioned diminished capacity, and if the jury had heard such defense, he would have been convicted of manslaughter instead of murder; therefore, he was eligible for relief under section 1170.95 because he should have been convicted of manslaughter. Defense counsel agreed with the summary. The court announced that it would deny the petition, and both parties submitted.

On May 3, 2021, defendant filed a notice of appeal, in propria persona.

## DISCUSSION

On the court's own motion, the appeal is dismissed because it is taken from a postjudgment order that does not affect defendant's substantial rights. (§ 1237, subd. (b).) Defendant seeks to challenge the trial court's April 16, 2021 order denying the motion to reconsider his resentencing petition. However, the court denied his original resentencing petition on June 11, 2019. Defendant had 60 days to appeal that order, and the order became final when he failed to do so. (Cal. Rules of Court, rule 8.104(a).) Thus, the trial court had no jurisdiction to hear defendant's subsequent motion to reconsider the resentencing petition. Because the trial court had no jurisdiction to hear defendant's motion for reconsideration of his section 1170.95 petition, the court's denial of defendant's motion could not have affected any legal rights defendant possessed. (*People v. Loper* (2015) 60 Cal.4th 1155, 1165-1166.)

5

Therefore, we order the appeal dismissed.

## DISPOSITION

Defendant's appeal of the order denying his motion for reconsideration of the resentencing petition is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


FIELDS                    
                                                    J.


We concur:


RAMIREZ                    
                    P. J.


MILLER                    
                    J.

6